IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAMUEL L. JOHNSON,                )
                                  )
        Plaintiff,                )
                                  )
vs.                               )   CIVIL NO. 07-cv-408-JPG
                                  )
DOUGLAS JONES, *et al.*,          )
                                  )
        Defendants.               )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks a writ of mandamus to compel the Defendants to return his seized property. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Johnson was arrested on March 8, 2005, on charges of attempted burglary and obstruction. During his arrest, Defendant Jones and his partner confiscated Johnson's 1994 tan Lincoln Town Car. Johnson claims the car was legally parked and was not evidence in his crimes. According to Johnson, the car is not involved in a current investigation. He also claims that he had not received proper documentation for it from the Belleville Police Department. Johnson filed a petition for a writ of mandamus in the Circuit Court of St. Clair County on April 6, 2006. At the time of this filing, Johnson alleged that his state court claim had not been proceeding.

**DISCUSSION**

Johnson requests a writ of mandamus against Defendant Jones as the arresting officer for the return of his car. Jones is an officer with the Belleville, Illinois Police Department. However, federal district courts lack jurisdiction to grant mandamus relief against state and local officials. *Turner v. County of Cook,* No. 05 C 2890, 2005 WL 3299822, at *11 (N.D. Ill. Dec. 2, 2005); *See also In Re Wolenski,* 324 F.2d 309 (3rd Cir. 1963); *Robinson v. Illinois*, 752 F. Supp. 248-49 (N.D. Ill. 1990). Therefore, the Court cannot grant Johnson's requested relief.

As noted above, Johnson has also filed a petition of mandamus in the Circuit Court of St. Clair County. In his complaint, he contends that the court is refusing to move forward with his petition after giving him leave to proceed *in forma pauperis*. Even if this Court liberally construes this claim as a request for a mandamus against the Circuit Court of St. Clair County, it must still be dismissed. Again, federal district courts lack jurisdiction to grant mandamus relief against state and local officials - including state judicial officers. *Robinson*, 752 F. Supp. at 248-49.

The Court notes that the heart of Johnson's complaint is a request to get his car returned.

Construing the claim liberally, the Court will examine whether he has stated any claim for deprivation of property without due process of law under § 1983. To state a claim under the Due Process Clause, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the government provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Court finds that Plaintiff has an adequate post-deprivation remedy to recover possession of his vehicle under Illinois law by means of replevin. *See* 735 ILCS 5/19-101, *et seq*; *Gunn v. Sobuki*, 837 N.E.2d 865 (Ill. 2005), In the alternative, the Court also notes that Johnson's state court mandamus action provides an adequate remedy for his deprivation as well and, therefore, the complaint does not state a Due Process claim.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

**Dated: July 16, 2009.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**